UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCOUST DULA,

Plaintiff,

v. Case No. 8:26-cv-2244-TPB-AAS

CHARLIE M. LAWRENCE and
DESTINY BRAWLEY,

Defendants.
_____________________________________/

**ORDER**

Marcoust Dula, a convicted and sentenced Florida prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] (Doc. 1) Dula sues Charlie M. Lawrence, the assistant state attorney who prosecuted him, for violating his due process rights, and Destiny Brawley, a dentist who provided dental care to him in the Manatee County jail, for medical negligence. Upon review, this case must be dismissed because it is barred by *res judicata*, and Dula fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.[2]

[1] Publicly-available records show that Dula serves a 15-year sentence for attempted manslaughter. *State v. Dula*, No. 2025-CF-1297 (Fla. 12th Jud. Cir.).

[2] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

Dula alleges that Lawrence violated his civil rights by way of a "vindictive prosecution" and by denying him a bond hearing. (Doc. 1 at 12) He alleges that, when he was seen by Brawley for dental care in the Manatee County jail, Brawley broke his left back tooth. (*Id.* at 12) He seeks to recover compensatory damages from both Lawrence and Brawley for these alleged civil rights violations. (*Id.*)

This is the second time Dula has attempted to sue these defendants for these same civil rights violations. In an earlier action, *Dula v. Brawley*, 8:25-cv-2384-SDM-AEP, he alleged the identical claims that he alleges here. As to Lawrence, he alleged that he was denied a bond and due process. His claim against Lawrence was barred by prosecutorial immunity and dismissed with prejudice. As to Brawley, he alleged that the dentist broke his left back tooth, causing him pain. His claim against Brawley constituted a claim for medical negligence, which is not actionable under § 1983, and was dismissed with prejudice. A judgment of dismissal with prejudice was entered against Dula regarding his claims against both defendants. *See Dula v. Brawley*, 8:25-cv-2384-SDM-AEP, Dkt. 4.

---

who is immune from such relief." 28 U.S.C. § 1915A(b). The Court reads a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

This action is barred by the doctrine of *res judicata*. *See Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) ("*Res judicata*, or claim preclusion, bars a subsequent claim when a court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties."). Again, Dula fails to state a claim for relief. He cannot pursue a claim for damages against Lawrence because prosecutors are "absolutely immune from liability in § 1983 lawsuits" for "prosecutorial actions that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). And, his allegations against Brawley amount to a claim of medical negligence, which is not actionable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

The Court need not permit amendment of the action because Dula's claims are both barred by *res judicata* and futile because he can state no valid § 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where amendment would be futile.").

Accordingly, this case is **DISMISSED WITH PREJUDICE**. Dula's motion to proceed in forma pauperis is **DENIED AS MOOT**. The Clerk must enter a judgment of dismissal against Dula and **CLOSE** this case.

DONE and ORDERED in Chambers in Tampa, Florida, this 7th day of August, 2026.



**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**